PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No.: 005254
KENDELEE L. WORKS, ESQ.
Nevada Bar No. 9611
EGLET WALL CHRISTIANSEN
400 South 7th Street
Box 1, 4th Floor
Las Vegas, Nevada 89101
Tel: (702) 450-5400

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MORGAN & MORGAN, P.A., <br><br>Plaintiff, <br><br>vs. <br><br>ROBERT EGLET, an individual, ROBERT ADAMS, an individual, MAINOR EGLET, a business entity of unknown type and DOES I through X and ROE CORPORATIONS I through 10, inclusive, <br><br>Defendants. | CASE NO. 2:13-cv-02210-GMN-PAL <br><br>**STIPULATION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

Plaintiff, MORGAN & MORGAN, P.A., and Defendants, ROBERT EGLET, ROBERT ADAMS, and MAINOR EGLET, through their respective counsel, hereby stipulate and agree to

///

///

///



the terms of the following Confidentiality and Protective Order and request that the Court enter the same.

DATED: 4/24/14

EGLET WALL CHRISTIANSEN

By_____
Peter S. Christiansen, Esq.
Kendelee L. Works, Esq.
*Attorneys for Defendant*

DATED: 4-24-14

By_____
Gary Logan, Esq.
Nevada Bar # 362
300 S. Fourth Street, Suite 701
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

## CONFIDENTIALITY AND PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality; protect adequately material entitled to be kept confidential, privileged, proprietary or otherwise considered confidential or privileged under federal or state law; and ensure that protection is afforded to such material, pursuant to the Court's authority under FRCP 26(c), the following protective and confidentiality order shall be entered based on the following understandings:

A. The parties to this case are engaged in discovery that has or will include the production of documents, answering of written interrogatories, responding to requests for admission, the taking of depositions, and the issuance of subpoenas directed to third parties;

B. Discovery may involve the disclosure of materials containing confidential and nonpublic personal or private information; and

C. Discovery should be permitted to proceed without delay occasioned by disputes regarding the confidential and/or proprietary nature and uses of the confidential information.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. The parties may, after a good faith determination, designate any document, portion of a document, or information produced by them as "CONFIDENTIAL" by stamping the document or information to that effect prior to production, or within a reasonable time thereafter, but not more than thirty (30) days thereafter, unless good cause shown, by notifying all other parties in writing that such documents or information are designated as "CONFIDENTIAL." No copies of any such confidential material shall be made except to the extent necessary for the preparation of each party's case in this action. Any copy made of confidential material will have the same status as the original.

2. "CONFIDENTIAL" information is defined as information from the producing party that is not publicly available, all information deemed confidential in the Teva litigation, information that is commercially sensitive (e.g., trade secrets), or information which is likely to contain nonpublic personal or private information (e.g., social security numbers, drivers' license numbers, tax returns, account numbers, account balances, bank statements, account applications,

job applications, personnel files, etc.). Except as set forth below in paragraph 6, Confidential information is not to be disclosed to any person or entity other than the parties, their counsel of record, employees of counsel, consultants, and experts, all of whom are bound by the terms of this Order.

3. A party may designate a document as "CONFIDENTIAL" after such document has been produced to another party in the course of this action by noticing each party of the retroactive designation within thirty (30) days of the original production of the Confidential information.

4. Deposition testimony may be designated "Confidential" in whole or in part at the time of the deposition or within ten (10) business days after receipt of the written transcript. Until that time, the parties shall treat all deposition testimony, including video recordings of deposition testimony, as Confidential in order to permit counsel for the party deposed an opportunity to designate the deposition testimony as "CONFIDENTIAL."

5. All documents or information produced by third parties in response to subpoenas shall be treated as "CONFIDENTIAL" for a period of sixty (60) days after it is received to allow the parties time to evaluate the information. Within the 60-day period, any party may designate any such third-party material as "CONFIDENTIAL" by so notifying the other parties of this designation in writing and setting forth the basis thereof.

6. Unless otherwise agreed upon by the parties, or ordered by the Court, the parties shall place any Confidential material required to be submitted or presented to or filed with the Court (e.g., exhibits to Declarations or Affidavits) under seal, pursuant to the rules of the Court, and shall not make the Confidential material available to persons other than the Court and/or persons authorized by this Order.

7. Documents stamped "CONFIDENTIAL" or any other information or materials so designated shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order, and the parties shall not discuss or disclose the Confidential material to any person except as specifically authorized by this Order. The parties shall not use any documents, deposition testimony, or other material subject to this Order,

directly or indirectly, by any party for any business, commercial, or competitive purpose whatsoever.

8. Confidential information may only be disclosed to:

(a) The Court, its staff and the designated document repository in this case and in any appeal therefrom;
(b) The jury in this case (if this case goes to trial);
(c) The named parties in this litigation;
(d) Counsel of record for the parties in this case, and other partners, associates, secretaries, paralegals, legal assistants, and other personnel of their respective law firms who are working under the supervision of said counsel and assisting such counsel in this action;
(e) Any independent contractors, such as attorneys, paralegals, secretaries, and legal assistants who are not members, shareholders, or employees of the law firms of counsel of record but who have been hired or retained by counsel of record and are working under the supervision of counsel of record and are actively engaged in assisting such counsel in this action;
(f) Outside consultants, technical advisors, fact witnesses, and expert witnesses and consultants (whether designated as trial witnesses or not) employed or retained by the parties or counsel;
(g) Any insurance company adjuster(s) or representative(s) working with any counsel in connection with this action; and
(h) Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or as to whom the Court directs, to be provided access to that information.

9. Disclosure of any Confidential information to persons described in subparagraphs 8(e), 8(f), 8(g), and 8(h) of this Order is solely for evaluation, testing, testimony, preparation for trial, or other services or purposes directly related to this litigation. All such persons shall sign a document in the form of Exhibit A attached hereto, stating that they have read and understand this Order and agree to be bound by its terms.

10. This Order is without prejudice to the right of the parties or other persons to: (a) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or (b) present a motion to the Court under FRCP 26(c) to compel information or for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.

1  This Order will not prejudice the parties in any way in any future application for relief or modification of this Order.

2  11. A party or other person objecting to the designation of confidential information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, either the party objecting to the "CONFIDENTIAL" designation, the designating party, or any other affected party, may file a motion seeking judicial intervention as to whether the "CONFIDENTIAL" designation shall remain in place. Pending determination by the Court, material designated by a party as "CONFIDENTIAL" is to be treated as provided in this Order.

12. Nothing herein imposes any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential information as it deems appropriate.

13. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed waiver in whole or in part, of any person's claim of confidentiality. In the event of a disclosure of confidential documents or materials to a person or entity not authorized to have had such disclosure made to him, her, or it under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material and immediately inform counsel for the designating party whose confidential information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the confidential information occurs therefrom. Further, upon receipt of such notice, a Party shall have 10 days to file a motion for protective order with respect to such document. The Party providing the notice shall sequester the document until the expiration of the 10 day period, and if a motion for a protective order is filed, shall continue to sequester the document until the motion is resolved. If no motion for protective order is filed within the 10 day period

following notice, any confidentiality or privilege that would otherwise be afforded the document shall be waived.

14. The inadvertent production of any privileged or attorney work product documents will be without prejudice to any claims that the document is privileged and will not constitute a waiver of any privilege or work product that may otherwise attach thereto, nor a general waiver of such privilege or work product. Upon demand of the producing party, all copies of any inadvertently-produced documents must be immediately returned forthwith and such documents must not be introduced into evidence or subject to production in this or any other proceeding.

15. Within sixty (60) days after the final disposition of all claims and defenses by settlement or expiration of time to appeal, and upon request, all documents designated "CONFIDENTIAL," including any reproductions of such documents, must be returned to the designating party who produced the Confidential documents or information. The provisions of this Order shall continue to be binding and remain in full force and effect after the conclusion of this lawsuit.

16. Nothing in this Order prevents any party from objecting to discovery that it believes is improper and moving the Court for an Order thereon.

17. This Order is entered solely for the purpose of facilitating the free exchange of documents and information between the parties to this action so as to avoid the need for unnecessary judicial intervention. Nothing in this Order will have any effect in any other litigation or proceeding, and nothing in this Order is to be construed as requiring the disclosure of documents or information that any party reasonably believes is not subject to disclosure or discovery pursuant to prevailing law, the rules of evidence, and/or the rules of procedure.

18. In the event additional individuals or entities become parties to this litigation, they shall not have access to, nor shall any existing party produce to them, any stamped confidential documents until the newly added parties, by counsel, have signed and filed a stipulation agreeing to be bound by this Order or until a further order is entered permitting them to have access to such documents.

19. The filing and entry of this Order does not constitute an admission or waiver of any rights under any applicable law, court rules, or both.

20. The terms of this Order are binding on the parties, their attorneys, and all persons designated in this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the foregoing Confidentiality and Protective Order shall govern the discovery in the pending matter.

Dated this 29th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE